**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **JUAN ANTONIO CORONA-GONZALEZ,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Cause No. 1:12-cv-352-WTL-DKL** |
| ) | **1:08-cr-34-WTL-MJD** |
| **UNITED STATE OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

<u>**ENTRY DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR**</u>
<u>**CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY AND DENYING**</u>
<u>**CERTIFICATE OF APPEALABILITY**</u>

This cause is before the Court on Petitioner Juan Antonio Corona-Gonzalez's motion
under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.
Dkt. No. 1. The motion is fully briefed,[1] and the Court, being duly advised, **DENIES** the motion
for the reasons set forth below. The Court also finds that a certificate of appealability should not
issue.

## I.      BACKGROUND

On August 4, 2009, a jury found Corona-Gonzalez guilty of possession with the intent to
distribute, and distribution of, 500 grams or more of a mixture or substance containing a
detectible amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (counts one and
two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18
U.S.C. § 924(c) (count three). At sentencing, the court set Corona-Gonzalez's base offense level
at 34 and his criminal history category at III, which corresponded to a guidelines range of 235 to
293 months' imprisonment for counts one and two. Count three carried a mandatory minimum

---

[1]Corona-Gonzalez did not file a reply brief in support of his motion and the time for
doing so has passed.

sentence of five years in prison to be served consecutively to any other sentence of imprisonment. The court ultimately sentenced Corona-Gonzalez to a total of 300 months in prison—240 months for counts one and two and 60 months for count three.

Corona-Gonzalez appealed his sentence to the Seventh Circuit. *See United States v. Corona-Gonzalez*, 628 F.3d 336 (7th Cir. 2010). On appeal, the court "determined that the district court had misapprehended a significant aspect of Mr. Corona-Gonzalez's record at the time it imposed the sentence." *United States v. Corona-Gonzalez*, 452 Fed. Appx. 685, 686 (7th Cir. 2011). Specifically, the district court stated several times during the sentencing hearing that Corona-Gonzalez had been previously deported. This statement, however, was not supported by the record.[2] To ensure that Corona-Gonzalez's sentence was in no way based on this mistaken fact, the Seventh Circuit "remanded the case for the limited purpose of permitting the district court to determine whether it would have imposed a different sentence had it not been under the misapprehension that Mr. Corona-Gonzalez had been deported previously from the United States and returned illegally." *Id.* The Seventh Circuit's decision did not affect the district court's Sentencing Guidelines calculations. *Id.* at 687.

At Corona-Gonzalez's resentencing hearing, the court, recognizing its previous error, "concluded that, based upon the nature of Mr. Corona-Gonzalez's prior offenses, a criminal history category of III was 'a little high.'" *Id.* As a result, "[t]he court, acting within its discretion under section 4A1.3 of the United States Sentencing Guidelines, found it more appropriate to treat Mr. Corona-Gonzalez as if he were in a criminal history category of II, which corresponded to a guidelines range of 110 to 262 months" for counts one and two. *Id.* Based on the revised criminal history category, the court sentenced Corona-Gonzalez to 288 months in prison—228

---

[2]Rather, Corona-Gonzalez's presentence report stated that his father was previously deported from the United States.

months for counts one and two, and 60 months for count three. As a result of the appeal, Corona-Gonzalez's total sentence of imprisonment was reduced from 25 years to 24 years.

Thereafter, Corona-Gonzalez filed a second notice of appeal with the Seventh Circuit. "[U]nable to discern a nonfrivolous ground for appeal," however, Corona-Gonzalez's appellate counsel moved to withdraw and filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Id.* at 687. Corona-Gonzalez did not respond to counsel's filings.

The Seventh Circuit, in an unpublished opinion, granted counsel's motion to withdraw and dismissed Corona-Gonzalez's appeal. Before doing so, the court noted that the resentencing court understood the scope of the remand, properly considered the sentencing criteria set forth in 18 U.S.C. § 3553(a), sentenced Corona-Gonzalez below the recommended Sentencing Guidelines range (for counts one and two), and provided an adequate explanation for the sentence it imposed. The appellate court also found that Corona-Gonzalez's sentence was not substantially unreasonable.

Corona-Gonzalez now seeks relief from this Court pursuant to 28 U.S.C. § 2255.

## II.    STANDARD

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See, e.g., Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief pursuant to § 2255 if a sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose . . ., or that . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow and limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental

defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

### III.   DISCUSSION

Corona-Gonzalez argues that his sentence is subject to collateral attack for a number of reasons; each of his arguments is addressed below.

### A.  Ineffective Assistance of Trial Counsel

Corona-Gonzalez's primary argument is that counsel was ineffective during his original sentencing and at resentencing for failing to advocate for additional downward departures under the Sentencing Guidelines on his behalf. Corona-Gonzalez, however, fails to establish that counsel was ineffective in this respect.

As an initial matter, "[a] district court cannot reach the merits of an appealable issue in a § 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). Claims of ineffective assistance of counsel, however, need not be raised on direct appeal and constitute an exception to the general rule of procedural default. *Massaro v. United States*, 538 U.S. 500 (2003). Therefore, Corona-Gonzalez need not have raised the issue of ineffective assistance of counsel prior to the instant motion.

With that said, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel." *Bobby v. Van Hook*, 558 U.S. 4, 16 (2009) (quotations and citations omitted). However, a petitioner "bears a heavy burden in establishing an ineffective assistance of counsel claim." *Dugan v. United States*, 18 F.3d 460, 463 (7th Cir. 1994) (citations omitted). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*,

539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). With regard to an attorney's performance, "a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness' . . . [i.e.,] 'reasonableness under prevailing professional norms.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688). With respect to the prejudice requirement, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Corona-Gonzalez argues that counsel failed to investigate possible downward and upward departures, and as a result, failed to present the following mitigating arguments at his sentencing hearings: Corona-Gonzalez is unlikely to recidivate because he will be deported back to Mexico after he serves his current sentence; and defendants in similar cases generally receive a "much lesser sentence." Corona-Gonzalez's Br. at 7, Dkt. No. 2. Corona-Gonzalez contends that, had counsel discussed these factors with the court, the court would have granted additional downward departures from the Sentencing Guidelines.

For the most part, departures from the Sentencing Guidelines are discretionary. *See, e.g., United States v. Turner*, 569 F.3d 637, 640 (7th Cir. 2009); *Corona-Gonzalez*, 452 Fed. Appx. at 687 ("[T]he court demonstrated a full understanding of its discretionary authority to grant a downward departure under section 4A1.3 of the Guidelines."). In other words, Corona-Gonzalez is not automatically entitled to downward departures as he suggests. Additionally, with regard to Corona-Gonzalez's potential deportation, although he is eligible for deportation, removal from the United States is not predetermined; rather, it is a decision that will be made by the United States and an immigration judge on his release from prison. As such, Corona-Gonzalez's

potential deportation is a weak argument for departure, given that it is simply an argument that he might not be present in the United States and is not supported by any other argument that Corona-Gonzalez is unlikely to recidivate even if he remains in the United States on his release. Moreover, the Supreme Court has recognized that the criminal history category groupings under the guidelines already properly account for a defendant's potential for reoffending. *See, e.g., Koon v. United States*, 518 U.S. 81, 111 (1996). Thus, counsel was not ineffective for failing to make this argument.[3]

Additionally, although he broadly references other "similar cases," Corona-Gonzalez fails to specifically identify any of the cases that he believes set a precedent for a downward departure. In sum, Corona-Gonzalez fails to establish that counsel's performance was deficient and he suffered prejudice as required by *Strickland*.[4]

## B.  Ineffective Assistance of Appellate Counsel

Corona-Gonzalez also argues that appellate counsel was ineffective on his second appeal. Claims of ineffective assistance of appellate counsel are also subject to the *Strickland* analysis. *Howard v. Gramley,* 225 F.3d 784, 789-90 (7th Cir. 2000). To prevail on a claim of ineffective assistance of appellate counsel, the petitioner must show that appellate counsel's performance was "unreasonably deficient" and that this inadequacy resulted in prejudice. *Id.* at 790. On the deficiency prong, the petitioner must show that counsel failed to present a significant and obvious issue on appeal. *See Smith v. Robbins,* 528 U.S. 259, 288 (2000). Counsel, however,

---

[3]To the extent Corona-Gonzalez argues that appellate counsel was ineffective for failing to address his potential deportation and recidivism, Corona-Gonzalez's argument fails. For the same reasons that trial counsel was not ineffective, appellate counsel was also not ineffective.

[4]To the extent Corona-Gonzalez argues that the court erred in failing to consider these mitigating factors, Corona-Gonzalez' argument is barred from collateral review because he failed to raise the issue prior to the instant motion for relief. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

"need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* Where appellate counsel has presented some arguments on appeal but not others, it will be difficult to demonstrate that counsel was deficient. *See id.* As to the prejudice prong, the petitioner must show that "there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the . . . trial court would have been otherwise modified on appeal" if the claim had been presented to the appellate court. *Howard*, 225 F.3d at 789-90.

Corona-Gonzalez reiterates the argument on which he prevailed on his first appeal—that the court "misapprehended [his] record . . . apparently believing that he was previously subject to removal or an illegal reentry." Corona-Gonzalez's Br. at 12, Dkt. No. 2. Corona-Gonzalez maintains that appellate counsel was ineffective in failing to address this "misapprehension" during his second appeal. At Corona-Gonzalez's resentencing hearing, however, the court acknowledged its "mistaken belief that the defendant had previously been deported," and resentenced him with that in mind. Resentencing Tr. at 3, Cr. Dkt. No. 122. Thus, Corona-Gonzalez's revised sentence was in no way based on the mistaken belief that he was previously deported. Corona-Gonzalez fails to articulate any other significant and obvious issue that appellate counsel should have addressed. Accordingly, Corona-Gonzalez has not shown that appellate counsel's performance was deficient, and the Court therefore need not address the prejudice prong.

### C.  Sentencing Guidelines Calculations and Application

Corona-Gonzalez next argues that "[t]he District Court committed a significant procedural error in sentencing when it . . . improperly calculate[d] the guidelines range." Corona-Gonzalez's Br. at 13, Dkt. No. 2. Corona-Gonzalez also implies that the court treated the

guidelines as mandatory, failed to consider the factors under 18 U.S.C. § 3553(a), selected a sentence based on erroneous facts, and failed to adequately explain the sentence. *Id.* Yet, the Government, correctly notes that "[t]hese claims [are] not appropriately before the Court because they have either been previously considered and rejected[,] or they are otherwise procedurally defaulted and barred." Government's Resp. at 4, Dkt. No. 8.

As noted above, a district court "cannot reach the merits of an appealable issue in a § 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." *Theodorou*, 887 F.2d at 1339.

> An issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice.

*Prewitt*, 83 F.3d at 816 (citations omitted) (emphasis in original).

Corona-Gonzalez did not contest the court's Sentencing Guidelines calculations during his initial appeal. *See Corona-Gonzalez*, 628 F.3d at 338. Additionally, during his second appeal, the Seventh Circuit noted that "the guidelines calculation was not at issue on remand as it was not affected by the court's factual misapprehension." *Corona-Gonzalez*, 452 Fed. Appx. at 687. Thus, Corona-Gonzalez failed to raise the issue in a procedurally appropriate manner prior to the instant § 2255 motion for relief. Moreover, as "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255," Corona-Gonzalez is unable to overcome either the cause and prejudice standard or the "fundamental miscarriage of justice" standard noted above. *Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1998) (quoting *United States v. Segler*, 37 F.3d 1131, 1134 (7th Cir. 1994)). Accordingly, the court's Sentencing Guidelines calculations are barred from collateral review.

8

Corona-Gonzalez's remaining Sentencing Guidelines arguments do not fare any better. During Corona-Gonzalez's initial sentencing hearing, the court acknowledged the advisory nature of the Sentencing Guidelines. Sentencing Tr. at 10, Cr. Dkt. No. 104.[5] Furthermore, during Corona-Gonzalez's second appeal, the Seventh Circuit found that "the district court gave meaningful consideration to the § 3553(a) factors," and "[t]he court clearly outlined the reasons for the sentence it imposed on remand." *Corona-Gonzalez*, 452 Fed. Appx. at 688. Finally, during Corona-Gonzalez's resentencing hearing, the district court acknowledged its misapprehension of Corona-Gonzalez's prior deportation. Corona-Gonzalez fails to identify any other "erroneous facts" on which he believes the district court based his sentence.

As set forth above, Corona-Gonzalez is not entitled to relief on the ground that the court improperly calculated or misapplied the Sentencing Guidelines.

### D.  Reasonableness of Sentence

Lastly, Corona-Gonzalez argues that his sentence is unreasonable. During Corona-Gonzalez's second appeal, however, the Seventh Circuit found that "any argument that Mr. Corona-Gonzalez's new sentence is substantially unreasonable would be frivolous," because he received a sentence below the guidelines range (for counts one and two). *Id.* at 687 (quoting *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005) ("It is hard to conceive of below range sentences that would be unreasonably high.")). Thus, this Court need not address this argument again. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (the court may exercise its discretion not to consider issues already decided on direct appeal).

---

[5]Additionally, at Corona-Gonzalez's resentencing, the district court departed downward from the Guidelines clearly indicating that it did not consider the Guidelines to be mandatory.

## IV.   CONCLUSION

For the foregoing reasons, Corona-Gonzalez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**.


## V.   CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Corona-Gonzalez has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

SO ORDERED: 07/15/2013

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


**Copy by U.S. Mail to:**

> **Juan Antonio Corona-Gonzalez**
> **08825-028**
> **Allenwood Low Federal Correctional Institution**
> **Inmate Mail/Parcels**
> **P.O. Box 1000**
> **White Deer, PA 17887**

Copies to all counsel of record via electronic communication.